FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 04 2015 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KINGSLEY O. MCDONALD,

       Plaintiff,

  -against-

JUSTIN LEVY, WILLIAM COLLADO,

       Defendants.
-----------------------------------------------------------------X

ORDER
15-CV-6830(JFB)(AKT)

JOSEPH F. BIANCO, District Judge:

On December 1, 2015, *pro se* plaintiff Kingsley O. McDonald ("plaintiff") filed an *in forma pauperis* civil rights complaint against Justin Levy ("Levy") and William Collado ("Collado" and together "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983").[1] Plaintiff also filed an application seeking the entry of a temporary restraining order and/or preliminary injunction. Notwithstanding plaintiff's payment of the Court's filing fee, for the reasons that follow, plaintiff's federal claims are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and plaintiff may pursue any valid claims he may have against the defendants in state court. Given the dismissal of the complaint, plaintiff's application for injunctive relief is denied.

## BACKGROUND

Plaintiff filed his complaint on the Court's general complaint form and had included an additional twenty pages of attachments thereto. Although the complaint is difficult to comprehend, the Court has discerned that plaintiff seeks to challenge the performance of his

---

[1] Although plaintiff lists a variety of titles of the United State Code in his complaint in addition to title 42, given his allegations that the defendants have violated his Constitutional rights, the Court understands his complaint to be brought pursuant to Section 1983.

defense attorneys in the underlying state court criminal case ("the case").[2]  Specifically, plaintiff claims that Levy and Collado are his court-appointed defense attorneys and challenges their representation of him in that matter.  For example, plaintiff alleges that Levy "did cause my person, to be subject to, legal misrepresentation, social, and economic losses in a collusion to disclose my security.  Following a failure to cure a Declaration of Default And Failure to Cure dated on or about September 2, 2015 the defendant Levy, Justin is liable to locate and join the Real Parties who were of interest . . . ."  (Compl. at 5, ¶¶ III-IV.)[3]  Plaintiff further claims that, "[a]s a result of the negligence of the defendant in curing the matter of pre-trial conferences a false statement was submitted listing my person as the debtor in the matter and left subject to third party interveners . . . ."  (*Id.* ¶ IIX.)

With regard to Collado, plaintiff alleges, *inter alia*, that "he held a position as representative as an appointed Attorney at law making him a fiduciary to my best interest in the matters before the court proceedings contractually [and that he] [] proceeded to Breach the contract during his representation by not noticing the court of an interlocutory appeal following an Order to deny redress of pre trial conference held on or about September 27, 2015 and September 28, 2015."  (*Id.* ¶¶ XXV. - XXVI.)  Accordingly, plaintiff alleges that the defendants have violated his Constitutional rights as "guaranteed by the due process and equal protection clauses of the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment[s]."  (*Id.* ¶¶ I, XXXIII, and at 9.)  As a result, plaintiff seeks to recover, *inter alia*, the sum of $900,000 from the

---

[2] Plaintiff is presently defending an on-going criminal prosecution in State court, *People v. McDonald*, Ind. No. 2843A-14, New York State Supreme Court, County of Suffolk.  *See* Compl. at 12.

[3] Citations to page number of the complaint refer to the Court's ECF pagination.  In addition, excerpts from the complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

defendants. (*Id.* ¶¶ CXX-CXXI.)

## DISCUSSION

I.  Sufficiency of the Pleadings

    A.  Legal Standard

It is axiomatic that district courts are required to read pro se complaints liberally, see *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ],'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

3

do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Further, a district court has the inherent power to dismiss a case *sua sponte* if it determines that the action is frivolous, regardless of whether a plaintiff has paid the filing fee. *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (a district court may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee); *see also Hawkins-El III v. AIG Federal Savings Bank*, 334 F. App'x 394, 395 (2d Cir. June 18, 2009) (affirming district court's *sua sponte* dismissal of fee paid frivolous complaint); *Paige v. City of New York*, No. 10–CV–5469 (SLT)(RER), 2011 WL 3701923, *2 (E.D.N.Y. Aug. 23, 2010) (even where a *pro se* plaintiff "has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or that the court lacks jurisdiction over the matter").

In addition, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court *sua sponte*. *Id.* "If subject matter jurisdiction is lacking, the action must be dismissed." *Id.* at 700-01; *see also* Fed. R. Civ. P. 12(h)(3).

The basic statutory grants of subject matter jurisdiction are set forth in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Section 1331 provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331. Section 1332 provides that federal court subject matter jurisdiction may be established where there is a diversity of citizenship

between the parties and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332. A claim alleging federal-question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Id.* at 513 n. 10. Although courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), *pro se* litigants must establish subject matter jurisdiction. *See, e.g., Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

B.  Substantive Claims

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983; *accord Rehberg v. Paulk*, --- U.S. ----, 132 S. Ct. 1497, 1501-02 (2012). "In order to state a claim under § 1983, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Dwyer v. Regan*, 777 F.2d 825, 828 (2d Cir. 1985); *see also Rae v. Cnty. of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999)).

Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)). Accordingly, "a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes

5

state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted). Indeed, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful," *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted).

However, Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. *See, e.g., Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323-24 (2d Cir. 2002). In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Id.* at 324-25 (citing *Pangbum v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)).

Here, the defendants are alleged to be plaintiff's criminal defense attorneys, and as such, they are private actors. *See, e.g., Koger v. New York*, 13 Civ. 7969(PAE), 2014 WL 3767008, *8 (S.D.N.Y. July 31, 2014) (finding court-appointed law guardian was not a state actor because "'attorneys, even if they are court-appointed, do not act under color of state law when performing traditional functions of counsel'"); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (alteration in original).

Moreover, plaintiff does not allege that either defendant conspired with a state actor against him. *See, e.g., Fisk v. Letterman*, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) ("A private actor will be found to have acted jointly with a state actor if he and the state actor somehow reached an understanding to violate the plaintiff's civil rights.") (citations and internal quotations

omitted). Thus, as is readily apparent, plaintiff has not alleged a plausible conspiracy claim. *See Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992) ("To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act.").

In the absence of any state action, plaintiff's Section 1983 claims against the defendants are not plausible as a matter of law. *Ciambriello*, 292 F.3d at 325. Accordingly, plaintiff's Section 1983 claims against the defendants are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), and plaintiff may pursue any valid state law claims he may have against the defendants in state court.

IV.  Leave to Amend

In light of plaintiff's *pro se* status, the Court has considered whether he should be afforded an opportunity to replead his claims. "When addressing a pro se complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Aquino v. Prudential Life & Cas. Ins. Co.*, 419 F. Supp. 2d 259, 278 (E.D.N.Y. 2005); *see also Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002) ("The liberal pleading standards applicable to *pro se* civil rights complaints in this circuit require that the district court give [plaintiff] an opportunity to flesh out his somewhat skeletal complaints before dismissing them"); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

7

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

Because the deficiency in plaintiff's claims is substantive and would not be cured if given an opportunity to file an amended complaint against the defendants, leave to file an amended complaint is denied.[4] The Court declines to exercise supplemental jurisdiction over any state law claims plaintiff may have against the defendants and any such claims are dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, plaintiff's federal claims against the defendants are dismissed with prejudice pursuant 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction over any state law claims plaintiff may have against the defendants and any such claims are dismissed without prejudice. Given the dismissal of the complaint, plaintiff's application for injunctive relief is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:  December 4, 2015                    Joseph F. Bianco
        Central Islip, New York             United States District Judge

---

[4] Moreover, it appears that this Court lacks subject matter jurisdiction because, in the absence of a basis to invoke jurisdiction pursuant to 28 U.S.C. § 1331, jurisdiction would lie only if 28 U.S.C. § 1332 is satisfied. Because plaintiff provides New York addresses for all the parties, there is no basis to conclude that the diversity of citizenship requirement is met and, thus, jurisdiction would not lie under Section 1332 either.

8